UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ANN L. GREVE                                          CIVIL ACTION

VERSUS                                                NO.  06-6678

ALLSTATE INDEMNITY COMPANY, ET AL                     SECTION  "N"  (4)

## ORDER AND REASONS

Before the Court is a Motion to Remand filed herein by Plaintiff, Ann L. Greve ("Greve" or "Plaintiff").  The removing defendant, Allstate Indemnity Company ("Allstate") opposes the Motion to Remand.

## I.  FACTS

Greve suffered damage to her home and personal property as a result of Hurricane Katrina. The property, located at 3121 Munster Boulevard in Meraux, Louisiana, was insured under a homeowner's policy issued by Allstate and was also covered under a separate National Flood Insurance program. Eva Vinsanau is listed as Plaintiff's Allstate Agent on the homeowner's policy.

The homeowner's policy is for coverage in the amount of $86,814.00 for the dwelling and $8,681.00 for the other structures, and $60,770.00 for the personal property and living expenses up

to 12 months.  Greve's property and its contents were destroyed during the hurricane and flooding. Allstate paid Greve $5000.00 under the homeowner's policy.  Greve's flood insurance policy has paid its limit of $10,000.00 for the dwelling and $10,000.00 for the personal property.

Plaintiff has sued Allstate, alleging that her damages have exceeded $5,000.00;[1] she further contends that Allstate has denied coverage that she is owed.  Plaintiff also claims that Allstate has acted arbitrarily, capriciously, and in bad faith in violation of La. R.S. 22:658 and 22:1220 for under-adjusting the damages to her property, failing to tender the undisputed portion of the claim during the time limits statutorily provided, and denying the true value and payment of the claim.

Plaintiff has also sued agent Vinsanau, alleging that Vinsanau was negligent in not advising her of need for additional flood coverage, and also breached her fiduciary duty to Plaintiff. Additionally, Plaintiff states that Vinsanau directly or indirectly informed plaintiff that the policy sold would cover "all hurricane damages", which Plaintiff states was a further breach of the fiduciary duty owed.

Defendant Allstate removed this case from the 34th Judicial District Court for the Parish of St. Bernard to this Court, claiming that Plaintiff has improperly joined Vinsanau as a defendant so as to defeat the diversity of citizenship requirement.  Greve moves this Court to remand, claiming Vinsanau is a proper party.

---

[1]In seeking remand, Plaintiff does not argue that her damages are less than $75,000.

2

## II.  <u>LAW AND ANALYSIS</u>

Allstate makes four arguments explaining why this Court has jurisdiction over the case:  the claim against Vinsanau is barred by expiration of the peremptive period; Greve has no recoverable cause of action against Vinsana under the law of agency; Vinsanau as insurance agent did not owe the duty to advise Greve of additional coverage; and the claims against Vinsanau are completely unrelated to those against Allstate, and thus are improperly joined.

Because Allstate is the removing party, it has the burden of establishing improper joinder. Improper joinder can be shown by plaintiff's inability to establish a claim under state law against the non-diverse defendant or through actual fraud in pleading jurisdictional facts.  *Melder v. Allstate Corp.*, 404 F.3d 328, 330 (5th Cir. 2005).  "If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved', then there is no fraudulent joinder." *Great Plains Trust Co.*, 313 F.3d 305, 312 (5thCir. 2002) (quoting *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2001).  See also *Hornbuckle v. State Farm Lloyds, et al,* 385 F.3d 538 (5th Cir. 2004).  The possibility of this liability must be reasonable, not "merely theoretical." 313 F.3d at 312. The Fifth Circuit has explained:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the instate defendants. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Richmond v. Chubb Group of Ins. Companies*, No. 06-3973, 2006 WL 2710566, at *2-3 (E.D. La. Sept. 20, 2006)(citing *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004).

**A.     Peremption**

A peremptive period is a period of time fixed by law for the existence of a right, and the right is extinguished unless timely exercised within the period. La. R.S. 9:5606(A) provides, in pertinent part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

In this case, Plaintiff's home insurance policy was issued on May 15, 2004, which Defendant Allstate contends is the starting date for the peremptive period.  Defendant also states that this is the date the alleged neglect should have been discovered so plaintiffs have failed to file within the required one year period.

In her Petition, Greve asserts that Vinsanau "was negligent and breached their [sic] fiduciary duty to plaintiff by directly or indirectly informing plaitniff that the policy sold to plaintiff would cover "all hurricane damages."  While it is reasonable to assume that such a quoted statement, if made by Vinsanau, would likely have been made at the time the insurance was purchased in 2004, it might well be (and is certainly reasonable to believe) that subsequent conversations were held

4

between Greve and Vinsanau regarding this coverage.  Plaintiff has not specified a date that the alleged act, omission, or neglect occurred.  Plaintiff urges that because the date of the alleged act is in dispute, the Defendant has not met its burden of persuasion at this stage.  In fact, Vinsanau's Affidavit provided by Allstate, while recounting some of the communication with the insured, does not refute the statement contained in ¶ 30 of the Petition.

This Court has held that when examining an improper joinder claim, "the district court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Richmond v. Chubb Group of Ins. Companies*, No. 06-3973, 2006 WL 2710566, at *9 (E.D. La. Sept. 20, 2006) (quoting *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).  The Court concluded in *Richmond* that because the plaintiffs had not stated when the alleged omission had occurred, the Court could not determine whether the peremptive period had expired under Louisiana R.S. 9:5605. 2006 WL 2710566 at *20.  Similarly, Greve has not stated a date of omission or neglect, so this Court cannot determine, on the showings made, whether the peremptive period has expired.

## B.    Agency

Allstate claims that because Vinsanau simply sold plaintiff an insurance policy, she cannot therefore be personally liable for the claims under the Allstate policy. The law in Louisiana states that a disclosed agent does not become personally bound to the third person unless the agent exceeds his authority. La. Civ. Code Ann. art. 3016 (1997). This Court found, in *Dorsey v. Mfrs. Life Ins. Co.*, 1997 WL 70335 4, at *7 (E.D.La. Nov. 10, 1997), that an agent becomes personally liable for damages "occasioned by intention or negligent misrepresentations as to facts which he knows or has

5

reason to know are false." (Quoting *McCollum v. Harbor View Townhouses, Inc.*, 428 So.2d 846, 847 (La.App. 5th Cir. 1983).

In the case sub judice, Plaintiff alleges that defendant insurance agent "directly or indirectly"[2] informed her that "all hurricane damages" would be covered by the policy. Because the insurance agent may have exceeded her authority and negligently misrepresented the coverage of the insurance policy, at least on the basis of this allegation considered in a light most favorable to Plaintiff, it is reasonable to find that Vinsanau may possibly be found personally liable to plaintiff. Therefore, the insurance agent is not improperly joined as defendant in this suit.

### C.     Fiduciary Duty

Allstate further claims that Vinsanau, as insurance agent, had no duty to advise Greve of additional coverage even if additional coverage had existed. Louisiana case law has established that an insurance agent does have a fiduciary duty to the insured and is liable for a negligent breach of that duty. In *Offshore Production Contractors, Inc. v. Republic Underwriters Ins. Co.,* 910 F.2d 224, 229 (5th Cir. 1990), the Fifth Circuit held that the insurance agent was more than a mere order taker. When the insured knows little about the particular insurance market, the agent must make sure the policy acquired meets the insured's specific needs, not simply provide a general policy covering a broad range of contingencies. An agent who has undertaken to provide insurance has made an agreement to provide coverage for a client's specific concerns when the agent knows of the risks against which the insured wants protection and has experience with those types of coverages on the

---

[2]Use of the phrase "directly or indirectly" invites further discovery as to when, and under what circumstances, the alleged misrepresentation occurred, if at all.

market. *Offshore Production Contractors, Inc., supra,* 910 F.2d at 229.  In order to recover for a loss, the plaintiff must show that (1) an undertaking or agreement by the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that he is properly insured.  *Sullivan v. State Farm and Casualty Co.*, No. 06-1677, 2006 WL 2119320, at *3 (E.D. La. July 27, 2006).

Greve asserts that Vinsanau advised her on both her homeowner and her flood policies, which were purchased based on the recommendation and expertise of Vinsanau. The property was covered under a National Flood Insurance Program policy for only $10,000.00 for the dwelling and $10,000.00 for the personal property. Plaintiff has recovered only $5,000.00 from her Allstate coverage.

The defendant insurance agent in this case is a proper party because Plaintiff alleges that Vinsanau did make a statement about "all hurricane damages" being covered, and because, under certain circumstances, Vinsanau does owe certain duties to her policyholders. Based on the allegations of the petition and the statements contained in the memoranda, the Court finds that one could reasonably conclude that Greve may be able to establish a cause of action against Vinsanau in state court. Therefore, Vinsanau is properly joined.

###	D.	Unrelated Claims

Allstate contends that the claims against it and the claims against Vinsanau are wholly distinct and separate. Allstate notes that the basis of the claims are different because Greve alleges that Allstate breached its contractual duties under the policy while Vinsanau committed either a tort

or breach of her duty as insurance agent. Allstate believes that the Court will have to do a different factual and legal analysis for each defendant, and thus the claims are not properly joined.[3]

However, this Court has found in other Hurricane Katrina insurance cases that joinder was not fraudulent where the plaintiff sued the insurance company, one of its adjustors, and the seller of the insurance policy. This issue has been discussed at length in the U.S. District Court, Eastern District of Louisiana. *See Schwartz v. Chubb & Sons, Inc.*, No. Civ.A.2: 05 CV6885SAFJK, 2006 WL 980673, at *14-18 (E.D. La. Apr. 11, 2006); *Richmond v. Chubb Group of Ins. Co.*, No. Civ. A. 06-3973, 2006 WL 2710566, * 23-26 (E.D. La. Sept. 20, 2006); *Radlauer v. Great Northern Ins. Co.*, No. Civ. A 06-1737, 2006 WL 1560791, at *5+ (E.D. La. May 16, 2006). Under the facts before us, Plaintiff Greve has not fraudulently joined Vinsanau as seller of the insurance policy.

## III.  **ATTORNEY'S FEES AND COSTS**

Plaintiff also seeks an award of attorney's fees and costs in connection with the Motion to Remand. Under 28 U.S.C. § 1447(c), a court "may award attorney's fees" only where the removing party lacked an objectively reasonable basis for seeking removal. *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290 (5th Cir. 2000). Finding that removal in this case was not objectively unreasonable, the Court declines to award attorney's fees and costs in connection with this Motion to Remand.

---

[3]*See, e.g., Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996).

8

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, the Motion to Remand is hereby **GRANTED IN PART** insofar as it seeks remand of this matter to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana; and is **DENIED IN PART** to the extent it seeks recovery of attorney's fees and costs in connection with the motion.

New Orleans, Louisiana, this _21st_ day of <u>May</u>, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

9